UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-538-CHL

LISA A. BRADY,                                                                                                           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,                                                               Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint (DN 1) filed by Plaintiff, Lisa A. Brady ("Brady"). In her Complaint, Brady seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 11.) Brady filed a Fact and Law Summary on November 27, 2019. (DN 12.) The Commissioner filed a Fact and Law Summary in response on January 27, 2020. (DN 16.)[1] Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

## I.      BACKGROUND

On December 1, 2015, Brady filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (DN 9-5. at PageID # 340-55.) On February 21, 2018, Administrative Law Judge Greg Holsclaw (the "ALJ") conducted a hearing on Brady's

---

[1] On July 23, 2020, Brady filed a reply to the Commissioner's Fact and Law Summary. (DN 17.) The Court's October 1, 2019, Order permitted Brady to file an "appropriate memorandum of law specifying . . . the numbered findings of the final decision with which exception is taken and the specific errors alleged" and a "Fact and Law Summary on the form supplied by the Court" within sixty days of the filing of the Answer and Administrative Record. (DN 10, at PageID # 1261.) The Court's Order then provided that the Commissioner would have thirty days from the filing of Brady's memorandum and Fact and Law Summary to file his own. (*Id.*) Because the Court's Order (DN 10) did not expressly permit the filing of a reply and because Brady did not request leave prior to filing the same, the Court will not consider Brady's reply (DN 17) in issuing the instant decision.

application. (DN 9-2, at PageID # 88-140.) In a decision dated June 27, 2018, the ALJ proceeded through the five-step evaluation process promulgated by the Commissioner to determine whether an individual claimant is disabled. (*Id.* at 39-57.) As part of his analysis, the ALJ determined that Brady had the following residual functional capacity:

> [t]he claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant has the following exertional and non-exertional limitations: no lifting or carrying more than 20 pounds occasionally and ten pounds frequently; no standing or walking more than six hours out of an eight hour workday, and for no more than one hour at a time; no sitting more than six hours out of an eight hour workday, and for no more than one hour at a time; can frequently push and pull using the upper extremities bilaterally; can occasionally push and pull using the lower extremities bilaterally, such as operation of foot pedals; can occasionally climb stairs and ramps, but cannot climb ropes, ladders, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; no more than occasional reaching overhead bilaterally; can frequently handle and finger bilaterally; must avoid concentrated exposure to vibration; no work in areas of concentrated dusts, fumes, gases, or other pulmonary irritants; cannot work at unprotected heights or around hazards, such as heavy equipment; no work around bright or flashing lights, or in sound environments that are more than moderately loud, with the term "moderate" used here as defined in the *Selected Characteristics of Occupations*; can understand remember, and carry out short, simple instructions and make simple, work-related judgments; can maintain adequate attention and concentration for two hour intervals necessary to perform simple tasks on a sustained basis with normal supervision; can perform simple routine work in an object-focused environment; can manage and tolerate simple changes in a work place routine; and the claimant can interact occasionally with supervisors, co-workers, and the general public.

(*Id.* at 48.) The ALJ determined that while Brady was unable to perform any of her past relevant work, considering her "age, education, work experience, and residual functional capacity, there [we]re jobs that exist in significant numbers in the national economy that . . . [Brady could] perform." (*Id.* at 56.)

Brady subsequently requested an appeal to the Appeals Council (DN 9-4, at PageID # 336-38), which denied her request for review on May 21, 2019, (DN 9-2, at PageID # 33-38). At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §

422.210(a) (2019); *see also* 42 U.S.C. § 405(h) (2018) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Brady is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Accordingly, Brady timely filed this action on July 25, 2019. (DN 1.)

## II.     DISCUSSION

The Social Security Act authorizes payments of DIB and SSI to persons with disabilities. *See* 42 U.S.C. §§ 401-434, 1381-1383(f) (2018). An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2019).

### A.     Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure

to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five-Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920 (2019). In summary, the evaluation process as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve (12) months. 20 C.F.R. §§ 404.1509, 416.909 (2019).

Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Brady's Contention

Brady alleged the ALJ erred in his determination at step five that there exist jobs in the significant numbers in the national economy that Brady can perform. (DN 12, at PageID # 1268-70.) Specifically, he argued that the ALJ mistakenly recounted the testimony of the Vocational Examiner ("VE") in his decision and that even when the correct testimony is considered, the ALJ has not met his burden at step five. (*Id.*)

At step five, the ALJ has the burden of demonstrating that there exist a significant number of jobs in the national economy that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g); 20 C.F.R. §§ 404.1560(c), 416.960(c) (2019); *Jordan*, 548 F.3d at 423. The Commissioner may meet this burden by relying on expert vocational testimony received during the hearing to determine what jobs exist in significant numbers in the economy that the claimant can perform considering the combination of his or her limitations. *See, e.g.*, *Fry v. Comm'r of Soc. Sec.*, 476 F. App'x 73, 76 (6th Cir. 2012); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). A vocational expert's testimony can constitute substantial evidence to support the Commissioner's finding that a claimant is capable of performing a significant number of jobs existing in the economy, *Bradford v. Sec'y of Dep't of Health & Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), so long as a vocational expert's testimony is based on a hypothetical question which "accurately portrays [a claimant's] individual physical and

5

mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)).

Here, the ALJ posed an initial hypothetical question to the VE that largely mirrored Brady's RFC but did not include the restrictions regarding bright or flashing lights or work in more than moderately loud environments that were ultimately included in his RFC determination. (*Compare* DN 9-2, at PageID # 48, *with id.* at 134-35.) The VE testified that such a person could perform the work of a checker of which there were 28,000 jobs in the national economy, a small parts assembler of which there were 40,000 jobs in the national economy, and a sorter of which there were 131,000 jobs in the national economy. (*Id.* at 135-36.) When the ALJ added the restriction regarding bright or flashing light and sound environments that are more than moderately loud to his earlier hypothetical, the VE testified that such a person would only be able to perform the position of a checker. (*Id.* at 136.) The VE stated, "Those other two jobs cited are loud. But they would be eliminated." (*Id.*) Despite this testimony from the VE, the ALJ incorrectly stated in his decision,

> [T]he Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors, the individual would be able to perform the requirements of representative occupations such as (1) Checker (DOT # 222.687-010), of which there are 28,000 jobs in the nation; (2) Small parts assembler (DOT # 706.684-022), of which there are 40,000 jobs in the nation; and (3) Sorter (DOT # 559.687-010), of which there are 131,000 jobs in the nation.

(*Id.* at 57.) The Court agrees with Brady and the Commissioner that the ALJ incorrectly summarized the VE's testimony and that the only job the VE testified that an individual with Brady's complete RFC could perform was that of a checker, with 28,000 jobs in the national economy. (DN 12, at PageID # 1268; DN 16, at PageID # 1280.)

6

Brady argued that 28,000 jobs does not constitute a significant number of jobs in the national economy, and, therefore, the ALJ's step five finding is unsupported by substantial evidence. (DN 12, at PageID # 1269.) The Sixth Circuit has held that it "cannot set forth one special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). Instead, "an ALJ must tailor the determination of what is significant to the facts of each claimant's case . . . ." *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016). Here, Brady does not argue that the ALJ's determination did not properly encapsulate the facts of her case; instead, she simply argued that 28,000 jobs is not enough to be significant. Brady is incorrect because the Sixth Circuit has previously held that a substantially fewer number of jobs than 28,000 was significant. *See Taskila*, 819 F.3d at 905 ("Six thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (concluding that 2,000 jobs were significant). This is particularly true in view of Brady's failure to demonstrate or argue any other error by the ALJ in his assessment of the individual facts of her case.[3]

In view of the fact that the VE's testimony supported that Brady could perform one of the three jobs identified by the ALJ for which a significant number of jobs existed in the national economy, the ALJ's erroneous citation to the other two jobs was harmless error. *See, e.g.*, *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 158 (6th Cir. 2009). Therefore, the Court finds that the VE's testimony constituted substantial evidence to support the ALJ's finding at step five.

---

[3] Brady's citation to *Mackins v. Astrue* is nondispositive of the instant case given that the court's holding in that case was based in part on skepticism that the number of jobs identified by the VE even existed. *Mackins v. Astrue*, 655 F. Supp. 2d 770, 773 (W.D. Ky. 2009) ("Furthermore, in this age of computers, e-mail, electronic court filing, paperless billing, and other time-saving technology, it is difficult to imagine that there are 900 full-time copy machine attendant jobs in the state economy, or 60,000 in the nation at large. The Court simply cannot find that 60,000 copy machine jobs—if in fact there are that many—constitute a significant number of jobs in the national economy."). Brady makes no such contention here.

### III. CONCLUSION AND ORDER

For the reasons set forth above, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that the final decision of the Commissioner of Social Security is **AFFIRMED**. A final judgement will be entered separately.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record

September 9, 2020